**UNITED STATES**

v.

**David Louis HENKEN, 336 54 8451, Boatswain's Mate Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 81 3615.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Feb. 1981.

Decided 18 June 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LCDR William A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

GLADIS, Senior Judge:

The accused stands convicted, contrary to his pleas, of wrongful possession of 1000 grams of marijuana and wrongful introduction for the purpose of sale of 168 grams of marijuana, and, pursuant to his pleas, of wrongful transfer of 168 grams of marijuana. He was sentenced at his special court-martial bench trial to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $300.00 per month for 3 months, and reduction to pay grade E–1. The convening and supervisory authorities approved the sentence.

The accused contends that the evidence was insufficient to establish his guilt of the offenses to which he pleaded not guilty because his pretrial admissions that he committed these offenses were not corroborated and that an unsuspended bad-conduct discharge is inappropriately severe. We disagree and affirm.

■ An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth. If the independent evidence raises an inference of the truth of some but not all of the essential facts admitted, then the confession or admission may be considered as evidence against the accused only with respect to those essential facts stated in the confession or admission that are corroborated by the independent evidence Mil.R.Evid. (MRE) 304(g).

The accused admitted to a Naval Investigative Service agent that he purchased a kilogram of marijuana off base overseas for $320.00 and, after losing a pound and using some, he brought the remainder, 12 small bags, on base and on board ship to sell for $50.00 each. The Government introduced independent evidence that 12 bags containing a total of 168 grams of marijuana were found on board ship and traced to the accused. The Government relies for corroboration of the accused's admissions on testimony of the agent that the bags of marijuana were packaged for sale and that since the average price for a kilogram of marijuana ranged from $400.00 to $600.00, $320.00 was a possible price.[1]

■ We find that the independent evidence of possession of bags of marijuana packaged for sale is sufficient to raise an inference of the truth of the admission of introduction for the purpose of sale. The independent evidence necessary to establish corroboration need not be sufficient in itself to establish beyond a reasonable doubt the truth of facts stated in the admission. MRE 304(g)(1). Independent evidence of possession of drugs on a military installation is sufficient to corroborate an admission of wrongful introduction. *United States v. Holler,* 43 C.M.R. 461, 467, 468 (A.C.M.R.1970). Just as evidence of possession is sufficient to corroborate or raise an inference of the truth of an admission of introduction, evidence of possession of quantities packaged for sale is sufficient to corroborate an admission of introduction for the purpose of sale. It is not necessary to show that the accused packaged the marijuana to corroborate his admission of introduction for sale any more than it is necessary to show that the accused did not purchase the marijuana on base to corroborate an admission of introduction. The independent evidence necessary to corroborate an admission need only give rise to an inference of its truth. It need not negate other permissible inferences. Thus the accused's admissions of introduction for the purpose of sale are sufficiently corroborated and the evidence sustains his conviction of that offense.

1. Appellate Government counsel also argues that trial defense counsel waived any lack of corroboration issue by failing to make a timely objection to introduction of the admissions. Defense counsel, however, made a timely objection, but the military judge delayed ruling on the objection until he heard the admissions. (R. 41, 32). Trial counsel attempted to corroborate the admissions before he introduced them. (R. 39). After hearing argument on the issue, the judge overruled the defense objection to admissibility of the admissions based on lack of corroboration. (R. 55).

■ We also find that evidence of possession on board ship of 168 grams of marijuana packaged for sale in 12 small bags is sufficient to raise an inference of the truth of the admission of purchase for a reasonable price and possession of 1000 grams off base on the same date. The circumstances of the shipboard possession are sufficient to raise an inference of the truth of the admission that the accused was dealing in marijuana on a substantial scale and consequently of the admission of possession of a much larger amount from which the amount found on board ship came. Thus the accused's admissions of off-base possession of the larger amount are sufficiently corroborated and the evidence sustains his conviction of that offense.

We find no merit in the accused's contention that an unsuspended bad-conduct discharge is inappropriately severe.

Accordingly the findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE and Judge MALONE concur.